IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 20 2012
J. T. NOBLIN, CLERK
BY _____ DEPUTY

DEAN M. REAVES, JR., AND
GARRY PITTS, INDIVIDUALLY,
AND ON BEHALF OF ALL OTHER SIMILARLY
SITUATED INDIVIDUALS                                    **PLAINTIFF**

VS.                                          CAUSE NO. 3:12CV43 TSL-MTP

POOLE'S CABLE SERVICES, INC.                            **DEFENDANT**

## COMPLAINT

### JURY TRIAL DEMANDED

**COMES NOW** Plaintiff by and through their attorneys, and files this Complaint on behalf of themselves and all other similarly situated individuals against Poole's Cable Services, Inc. (hereinafter "Defendant"), pursuant to the Fair Labor Standards Act for unpaid overtime wages. The actions of Defendant constitutes a willful violation of the Fair Labor Standards Act.

### PARTIES

1. Plaintiff, Dean M. Reaves, Jr., is an adult resident citizen of Madison County, Mississippi, with a mailing address of 536 Brentwood Drive, Madison, Mississippi 39110.

2. Plaintiff, Garry Pitts, is an adult resident citizen of Hinds County, Mississippi, with a mailing address of 2273 Hickory Drive, Jackson, Mississippi 39204.

3. Defendant, Poole's Cable Services, Inc. ("Defendant") is a Louisiana corporation that is not qualified to do business in the State of Mississippi and may be served with process through its registered agent, K. Tod Cagle at: 2001 N. 7th Street, West

Monroe, Louisiana 71291.

4. The Defendant falls within the definition of a covered employer as set out in Section 203 of the Fair Labor Standards Act.

## JURISDICTION

5. Jurisdiction of this civil action is conferred by Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) and venue is proper in this Court.

## FACTS

6. Plaintiffs and other similarly situated individuals were employed with the Defendant in the past three (3) years as cable technicians

7. As cable technicians, Plaintiffs and other similarly situated individuals installed cable services for Comcast and the Defendant.

8. Plaintiffs and other similarly situated individuals were paid on a straight fee basis, and were not paid overtime wages when they worked over forty (40) hours per week.

9. On some work weeks the Plaintiffs and other similarly situated individuals' weekly pay, if divided into an hourly rate, would be below minimum wage.

10. Plaintiffs have attached to this Complaint as Exhibit "A" their consents to become a party plaintiffs.

11. Plaintiffs worked at Defendant's Jackson, Mississippi location. During his employment there were approximately twenty other employees employed as cable technicians at the Defendant's Jackson, Mississippi location.

12. Defendant has one other location in Mississippi, and numerous locations in Louisiana where it also employs cable technicians that are similarly situated to Plaintiffs.

## CLASS ACTION ALLEGATIONS

13. The Class Representative Plaintiffs bring claims for damages, injunctive and declaratory relief on behalf of themselves and all similarly situated persons pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Class Representative Plaintiffs bring class claims for actual and punitive pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), and class claims for injunctive and declaratory relief pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2).

14. This action involves a class represented by all Plaintiffs.

15. Class claims for compensatory, and or punitive damages are brought pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. For the purpose of claims for compensatory and/or punitive damages, the class is defined as all cable technicians who have been employed with Defendant in the last 3 years from the filing of this complaint.

16. Class claims for injunctive and declaratory relief are brought pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. For the purpose of claims for injunctive and declaratory relief, the slass is defined as all cable technicians who have been employed with Defendant withing 12 months from the filing of this complaint.

### Rule 23(a)

17. Only Defendant know the precise number of individuals in the class but upon information and belief the class includes over 150 individuals. The class is so numerous that joinder of all members of the class is impracticable.

18. This action involves questions of law and fact common to the class including:

   a. Whether Defendant breached its oral contract with Plaintiffs and other

class members;

b. The nature of damages available to Plaintiffs and other Class Members, including the applicability of compensatory and/or punitive damages; and

c. Whether and what kinds of injunctive relief are appropriate.

19. The claim of the Plaintiffs asserted in the Second Claim for Relief are typical of the claims of the class.

20. The Plaintiffs will fairly and adequately protect the interest of the class.

21. Plaintiffs have retained counsel who are experienced in handling class action litigation on behalf of workers like Plaintiffs and are prepared to advance costs necessary to litigate this action.

Rule 23(b)(2)

22. Defendant has acted or refused to act on grounds that apply generally to the class, so that declaratory relief and final injunctive relief are appropriate with respect to the class as a whole. Defendant's actions and inactions include, *inter alia*:

a. fraudulently reducing class members weekly pay to pay mileage reimbursement to make it appear the Defendant was paying for mileage when in reality the Defendant was using the class members on wages to pay for mileage;

b. improperly making deductions to class members wages for cell phones, tools and other equipment that was not agreed to when hired.

23. The class seeks to enjoin Defendant from engaging in the unlawful acts described in this Complaint in the future.

Rule 23(b)(3)

24. Common questions of law and fact relevant to the Second Claim for Relief predominate over any pertinent questions involving only individual members.

25. A class action is superior to the other available methods of adjudicating the claims set forth in the Second Claim for Relief because, inter alia:

    a. Common issues of law and fact, as identified in part above, substantially diminish the interest of class members individually controlling the prosecution of separate actions;

    b. The class members are low wage workers who lack the means and/or resources to secure individual legal assistance, and are often unaware of their rights to prosecute these claims;

    c. No member of the class has already commenced litigation to determine the questions presented.

    d. A class action can be managed with efficiency and without undue difficulty because Defendant has systematically and regularly committed the violations complained of herein and have used standardized recruitment and record-keeping practices throughout the time period at issue.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Plaintiffs and other similarly situated individuals were non-exempt employees and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiffs were entitled to minimum wage and overtime pay for all hours over forty (40) hours worked in a given week.

27. The Fair Labor Standards Act requires that employees be paid an overtime

premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week.  29 U.S.C. § 207(a).

28. Plaintiffs and other similarly situated employees have not been paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ their regular rate of pay.

29. Plaintiffs and other similarly situated employees have not been paid minimum wage for every week that they worked for Defendant.

30. The acts of the Defendant constitutes a willful intentional violation of the Fair Labor Standards Act.

## COUNT II

## BREACH OF CONTRACT

31. As cable technicians, the Plaintiffs and other class members agreed to work for Defendant for a specified rate per job, and would be compensated at $.50 for each mile they had to drive using their personal vehicles.

32. Defendant breached its oral contract with Plaintiffs and other class members as it improperly deducted from Plaintiffs and other class members' weekly wages for mileage, cell phones, tools, and other equipment; which had not been agreed to by Plaintiffs and other class members when they were hired.

WHEREFORE, Plaintiffs request the following relief:

a. Certifying the Second Claim for Relief in this action as class claims pursuant to Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the class;

b. Conditionally Certifying a class for the First Claim for Relief in this action as collective action pursuant to Fair Labor Standards Act to include all cable

       technicians employed by Defendant in the past 3 years;

c.    Designating Plaintiffs as class representatives of the class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and designating Plaintiffs' counsel as counsel for the class;

d.    Declaratory and injunctive relief;

e.    Compensatory damages;

f.    Overtime pay and minimum wages;

g.    Liquidated damages;

h.    Punitive damages;

i.    Attorney fees and costs; and

j.    Such other relief as the Court deems just and appropriate.

THIS, the 20th day of January, 2012.

                                      Respectfully submitted,

                                By: _____
                                    LOUIS H. WATSON, JR. (MB#9053)
                                    NICK NORRIS (MB#101574)
                                    Attorneys for Plaintiff

OF COUNSEL:

LOUIS H. WATSON, JR., P.A.
628 N. State Street
Jackson, Mississippi 39202
Telephone:   (601) 968-0000
Facsimile:     (601) 968-0010
nick@louiswatson.com